## Pratt, et al. v. Boggs, et al.

(Decided November 10, 1916.)

### Appeal from Perry Circuit Court.

1. Boundaries—Surveys—Location.—Where the calls of the west line of a survey coincide with the calls of the east line of a prior survey when reversed, the location of the subsequent survey will depend upon the proper location of the prior survey.

2. Boundaries—Calls—Courses and Distance.—Where the calls of the west line of a survey coincide with the calls of the east line of a prior survey when reversed, a line in the subsequent survey reading "N. 134 poles to a beech," though not calling to cross a river, should be located so as to cross the river, where both the corresponding line and original plat of the prior survey show that the river was crossed, since courses and distance must give way

to the established corner on the other side of the river. (For original opinion, see 171 Ky. 106.) .

HOGG & JOHNSON and F. J. EVERSOLE for appellants.

MILLER & WHEELER and WOOTTON & MORGAN for appellees.

RESPONSE OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Withdrawing portion of former opinion and granting petition for rehearing.

That part of the description in the deed from Alexander Combs to William McIntire material to this controversy is as follows: "Thence up the river to a big rock in the shoal at a conditional line between Granville Combs and Alexander Combs; thence crossing the river running up the hill with the conditional line up to the open line of a 200-acre survey made in the name of R. S. Brashears." The question is, does this description include any portion of the R. S. Brashears 200-acre survey, and the question turns on whether or not the call to the "open line" of that survey runs to its east or west line. If it runs to the east line, the survey is included; if it runs to the west line, it is not included. In our former opinion we assumed that the 200-acre survey was correctly located by plaintiffs. As so located, the west line of that survey was some distance east of the river and both the east and west lines were, therefore, east of the "big rock in the shoal." Upon a re-examination of the record, however, we conclude that plaintiffs' location of the 200-acre survey cannot be sustained. The first few calls of the 200-acre survey, which is dated April 20th, 1849, are as follows: "Beginning on three beeches on the north side of the river and upper corner to a 150-acre survey made for said Brashears; thence down the river with said line N. 57 W. 70 poles to a beech, N. 134 poles to a beech, N. 30 E. 36 poles to an oak, N. 53 E. 70 poles to a stake, N. 55 E. 48 poles to a stake, N. 50 E. 8 poles to an oak." The Robert S. Brashears 150-acre survey, which was made September 24th, 1821, is in the record, together with a copy of the original plat. The calls of that survey corresponding to those of the 200-acre survey are as follows: ". . . . . .; thence S. 50 W. crossing said fork 8 poles to a beech; thence up the same as it meanders S. 55 W. 48 poles; thence S. 53 W. 70 poles; thence S. 30 W. 36 poles; thence south crossing said forks at forty poles, in all 134 poles, to a beech near

the bank of said fork; thence S. 57 E. 70 poles to three beeches,'' etc. From the foregoing descriptions of the two surveys it will be seen that the calls of the 200-acre survey, which begins ''on three beeches on the north side of the river and upper corner to a 150-acre survey made for said Brashears,'' are identical with the calls of the 150-acre survey when reversed. Thus the call of the 200-acre survey from the three beeches is ''N. 57 W. 70 poles to a beech.'' The corresponding call of the 150-acre survey begins at the beech and runs ''thence S. 57 E. 70 poles to the three beeches.'' From the beech the call of the .200-acre survey is ''N. 134 poles to a beech.'' The corresponding call of the 150-acre survey is ''thence south crossing said fork at 40 poles, in all 134 poles, to a beech near the bank of said fork.'' The third call of the 200-acre survey is ''N. 30 E. 36 poles to an oak.'' The corresponding call of the 150-acre survey is ''S. 30 W. 36 poles.'' The fourth call of the 200-acre survey is ''N. 53 E. 70 poles to a stake.'' The corresponding call of the 150-acre survey is ''S. 53. W. 70 poles.'' Since the corresponding calls of the two surveys are identical, it follows that the west line of the 200-acre survey coincides with the east line of the 150-acre survey, and the location of the 200-acre survey depends on the proper location of the 150-acre survey.

There is no dispute as to the location of the three beeches, the corner to the 150-acre survey. The next corner is the beech at the end of the line ''N. 57 W. 70 poles.'' While it is true that the next line of the 200-acre survey, ''N. 134 poles to a beech,'' does not call to cross the river, the corresponding line of the 150-acre survey does call to cross the river at a point 40 poles from the preceding corner of that survey. Not only is this true, but the original plat of the 150-acre survey shows that the river is crossed by the same line. It necessarily follows that the corresponding call of the 200-acre survey likewise crosses the river, for the established corner across the river will control courses and distance. Brown v. White, 153 Ky. 452, 156 S. W. 96; Sackett v. Burt & Brabb Lumber Company, 150 Ky. 748, 150 S. W. 997. The result is that the west line of the 200-acre survey is west of the ''big rock in the shoal.'' That being true, the call in the deed from Alexander Combs to William McIntire, beginning at the ''big rock in the shoal'' and ''thence crossing the river running up the hill with

the conditional line up to the open line of a 200-acre survey made in the name of R. S. Brashears," which necessarily runs east, can never get back to the west line of the 200-acre survey, but must run to the only line of that survey which it can possibly reach, and that is the east line.

This conclusion makes it unnecessary to determine the meaning of the words "open line," for whatever may be their meaning, the open line in this case must of necessity be the east line of the 200-acre survey. Since the call from the "big rock in the shoal" runs to the east line of the 200-acre survey, the deed from Alexander Combs to William McIntire necessarily includes that portion of the 200-acre survey lying north of the conditional line between Granville Combs and Alexander Combs. That being true, it follows that plaintiffs, who claim through Alexander Combs, have no title to any portion of the 200-acre survey, with the exception of a half interest in the coal banks.

Wherefore, the petition for rehearing is granted, and that portion of the opinion holding that plaintiffs are the absolute owners of the 200-acre survey, and defining the words "open line" is withdrawn, and judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.